# SUPREME COURT.

## CHRISTIAN F. A. DAMBMAN agt. HERMAN SCHULTING.

*Debtor and creditor — release — concealment.*

Where the defendant's creditors signed a paper in the words: "We the undersigned agree, in consideration of one dollar paid to us, to discharge H. Schulting from the legal payment of the money loaned to him, February, 1866; said Schulting giving his moral obligation to refund the money, in part or whole, as his means will allow in the future:"

*Held*, that the agreement was not an absolute discharge of the debt, but that if the debtor acquired means in the future, and he refused to recognize the moral duty to repay the money, he would be liable in an action for the amount.

The paper may be regarded as an agreement on the part of the creditors not to enforce their legal claims, so long as the debtor was without the means to pay.

Where, after a creditor had signed such agreement, the debtor paid the creditor a portion of the original debt, and received a release from all claims and demands:

*Held*, that, notwithstanding such release, the creditor might maintain an action for the balance of the original loan if the debtor, at the time of obtaining release, concealed facts in regard to the value of his interest in certain property, which was of large value, but which, before the release, he had stated to the creditor was of little or no value, it appearing that when the action was commenced the debtor had means to pay his debts.

*Special Term, November*, 1876.

*William Watson*, for plaintiff.

*C. B. Smith*, for defendant.

VAN VORST, *J.* — The agreement signed by the plaintiff's firm, with other of the defendant's creditors, on the 17th day of March, 1867, is in these words:

"We the undersigned agree, in consideration of one dollar paid to us, to discharge H. Schulting from the legal payment of the money loaned to him, February, 1866; said Schulting giving his moral obligation to refund the said money, in part or whole, as his means will allow in the future."

I do not regard this paper, as is claimed by the defendant's counsel, as an absolute discharge of the debt in question, and that there was substituted and accepted in place thereof a moral duty only, not to be enforced by action in the event that the debtor should afterwards acquire means sufficient to enable him to pay the claim wholly or in part.

The agreement to discharge "from the legal payment" is, in fact, conditioned upon the debtor's promise to refund the moneys loaned, should he acquire the means in the future to do so. If he did not acquire such means, then all legal claim was abandoned; but if he did, the legal claim existed, to be enforced by action in the event that the conscience of the debtor refused to recognize the obligation to repay the money. The paper may in truth be regarded as an agreement not to enforce the legal liability so long as the debtor was without means to pay. And the evidence shows that the defendant yet considered himself under a valid obligation to pay, hence afterwards, and on the 6th day of October, 1868, he paid the plaintiff $5,000 of the original loan of $10,000, and received the signature of the plaintiff's firm, under seal, to a complete and full release from all claims and demands whatever.

The plaintiff claims that the signature of his firm was obtained to the release by false statements and the suppression of material facts made by defendant, and that had the truth been stated they would not have executed the release. In August, 1868, the defendant sold his large stock of merchandise to Stursburgh & Co. for the sum of $225,000, the purchasers to pay his debts thereout, amounting to about

Dambman agt. Schulting.

$192,000. By the conditions of sale, the defendant was entitled to one-third of any amount Stursburgh & Co. might realize on a resale thereof, over and above the amount they had paid for same. Early in the same month the defendant made a statement to the plaintiff of his means, entering into details, and, among other things, gave the particulars of his transaction with Stursburgh & Co., and added, "as for that one-third interest in the sum which the goods will realize over $225,000, that was worthless; it was worth little or nothing; in fact he had offered to sell it the other day for $18,000 or $20,000."

Now the facts, in regard to said one-third interest and its value, may be, in short, stated as follows: The defendant did offer to sell the same to one Von Keller for $20,000, but in a day or two afterwards he withdrew the offer and refused to consummate it. This one-third interest was in truth worth about $100,000. Defendant did, in the end, realize, in money, $90,000 for the same.

When the defendant called in October and paid the $5,000 and obtained the release, Stursburgh & Co. had already realized over $400,000 for the goods then sold, and subsequent deliveries increased the total sum realized to $576,981. Yet the defendant made no statement to the plaintiff when he obtained the release, with respect to the value of his interest in such proceeds. I think he was under a positive duty to have done so. An obligation was resting upon him to pay the debt due plaintiff in full, if his means were sufficient for the purpose. His interest in the one-third of the proceeds of the sales already realized, and with what might be reasonably expected to be realized from the residue of the goods, were enough, with other means in his possession, to pay in full all the claims covered by the agreement of March, 1867.

The parties were not standing on an equal footing. Plaintiff was ignorant of the facts, having been informed in August by the defendant that, in his estimation, the value of his

Dambman agt. Schulting.

interest was "little or nothing." Defendant was under a positive duty to correct the former judgment he had given, and to state the facts fully and truly.

His concealment of these facts rendered the release he obtained inoperative as a discharge of the plaintiff's claim. And as the evidence shows that the defendant possesses the means to pay, the release must be declared void, and the plaintiff entitled to judgment for the amount of the loan unpaid, with interest.